# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LLOYD SCHINDLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CEQUENT CONSUMER PRODUCTS, INC., ) <br> WAL-MART STORES EAST, L.P., ) <br> KWONG WAH RUBBER FACTORY ) <br> LIMITED, and TRANSWORLD ) <br> PRODUCTS, INC., ) <br> ) <br> Defendants. ) | No. 4:05-CV-1066 CAS |

## ORDER OF REMAND

This matter is before the Court on plaintiff's motion to remand this case to the Circuit Court of St. Louis County, State of Missouri, from which it was removed. None of the defendants have filed any opposition to the motion to remand. For the following reasons, the motion to remand should be granted.

On July 8, 2005, defendant Wal-Mart Stores, Inc. filed its Notice of Removal from the Circuit Court of St. Louis County pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446.[1] On June 26, 2006, plaintiff filed his motion for leave to file a second amended complaint, with the consent of all parties, to add Transworld Products, Inc. as a party defendant. The Court granted plaintiff's motion for leave to file his second amended complaint on June 28, 2006. The second amended complaint alleges that

---

[1] Plaintiff originally sued defendant Wal-Mart Stores, Inc., but the correct defendant, Wal-Mart Stores East, L.P., was substituted for Wal-Mart Stores, Inc. and the caption of the case was changed by order dated August 22, 2005.

Transworld Products, Inc. is a corporation organized and existing under the laws of the State of Missouri.

"If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). "Under § 1447(e) the joinder or substitution of non-diverse defendants after removal destroys diversity, regardless whether such defendants are dispensable or indispensable." Alpers Jobbing Co., Inc. v. Northland Casualty Co., 173 F.R.D. 517, 519 (E.D. Mo. 1997) (citation omitted).

Plaintiff's joinder of Transworld Products, Inc. destroys complete diversity of citizenship because Transworld and plaintiff are citizens of the same state. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (diversity jurisdiction does not exist unless the citizenship of each defendant is different from that of each plaintiff). Thus, based on § 1447(e), this action must be remanded to state court because the Court previously permitted Transworld's joinder as a non-diverse defendant, with the consent of the other defendants.[2]

---

[2]Although plaintiff stated in the motion for leave to file a second amended complaint that Transworld is a Missouri corporation, it would have been preferable for plaintiff to specifically inform the Court and the other defendants that joinder of this defendant would destroy diversity. Cf. LeDuc v. Bujake, 777 F. Supp. 10, 12 (E.D. Mo. 1991) (where the record indicated that the problem of the addition of a nondiverse defendant was not brought to the attention of the Court or recognized by the parties, the filing of the amended complaint was deemed a nullity and the Court was given an opportunity to consider whether justice required that plaintiff be permitted to join the non-diverse party as a defendant).

In this case, the Court will nonetheless grant the motion to remand because (1) no defendant objected to plaintiff's motion for leave to file a second amended complaint, and the record indicates plaintiff was not dilatory in seeking the amendment, appeared likely to be injured if the amendment was not allowed, and does not appear to have filed the motion in order to defeat federal jurisdiction; and (2) no defendant has responded to plaintiff's motion to remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**. [Doc. 47]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, Missouri, from which it was removed, for lack of subject matter jurisdiction. <u>See</u> 28 U.S.C. §§ 1447(c), (e).

_/s/ Charles A. Shaw_
**CHARLES A. SHAW
UNITED STATES DISTRICT JUDGE**

Dated this  24th  day of July, 2006.